**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**LANCE HARRIS**                                                                **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO.: 3:24-cv-766-KHJ-MTP**

**DEVIN WISE**                                                                **DEFENDANT**

**<u>ORDER</u>**

THIS MATTER is before the Court on Defendant Devin Wise's Motion to Strike

Plaintiff's Supplemental Interrogatory Responses and Supplemental Designation of Experts [48].

Having considered the motion, the submissions of the parties, and the applicable law, the Court

finds that the Motion [48] should be GRANTED.

**BACKGROUND**

On August 9, 2024, Plaintiff filed this negligence action in Hinds County Circuit Court.

On December 3, 2024, Defendant removed the case to this Court. Shortly thereafter, the Court

entered a Case Management Order [6], setting case deadlines, including a June 2, 2025 deadline

for Plaintiff to designate expert witnesses and a September 1, 2025 discovery deadline.

On June 2, 2025, Plaintiff designated eight treating healthcare providers and three

retained expert witnesses. *See* [20]; [48-1]. In addition to identifying these expert witnesses,

Plaintiff stated that he may call as expert witnesses "any other doctors and/or health care

providers contained in Plaintiff's medical records" from various health care facilities as expert

witnesses. *See* [48-1].  He further "reserved" the right to name any other witnesses as the parties

continued to gather information through discovery. [48-1] at 7.

On June 9, 2025, following a conference with the parties, the Court extended certain case

deadlines, including Plaintiff's expert designation deadline and the discovery deadline, which

1

were extended to September 1, 2025 and December 1, 2025, respectively. *See* Order [22]. Plaintiff, however, did not designate any additional experts or supplement his prior designation before the extended deadline.

On September 9, 2025, Plaintiff's counsel of record moved to withdraw. The Court granted the Motion to Withdraw [24], and after Plaintiff obtained new counsel, the Court reset the case deadlines again. Plaintiff's expert designation deadline was extended to December 1, 2025, and the discovery deadline was extended to March 2, 2026. *See* Order [32]. Once again, Plaintiff's extended expert designation deadline came and went without Plaintiff designating any additional expert witnesses or supplementing his prior designation.

On March 2, 2026, the last day of the discovery period[1], Plaintiff filed a Supplemental Designation of Experts and Supplemental Objections and Responses to Defendant's First Set of Interrogatories. *See* [39] [40]. Plaintiff's Supplemental Designation of Experts designated eight experts, seven of which are entirely new expert witnesses: William Ferguson, George Kum-Nji, Ashley Gonzalez, Jason Downward, Joe Cook, James Sutherland, and David Dean. *See* [48-2]. In Plaintiff's supplemental interrogatory responses, Plaintiff names an additional three previously undesignated healthcare providers as experts: Samantha Clark, Austin Patrick, and Monique Buton. *See* [48-3] at 9-11.

On March 16, 2026, Defendant filed the instant Motion to Strike Plaintiff's Supplemental Interrogatory Responses and Supplemental Expert Designation [48]. Defendant seeks to strike as untimely the ten expert witnesses named for the first time in the supplemental expert designation and supplemental interrogatory responses. Plaintiff filed a Response in Opposition [58] to the

---

[1] On February 19, 2026, the discovery deadline was yet again extended to March 31, 2026 for the sole purpose of taking Defendant's deposition. *See* Order [38].

Motion [48] on April 13, 2026. Defendant has since replied, and the matter is now ripe for review.

## ANALYSIS

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert witnesses, requiring that parties disclose the identities of proposed expert witnesses and that experts who are retained or specially employed to provide testimony must submit a comprehensive written report.[2] Fed. R. Civ. P. 26(a)(2)(B). However, non-retained expert witnesses are not required to submit written reports but must provide a disclosure stating: (1) the subject matter on which the expert expects to testify under Federal Rules of Evidence 702, 703, and 705; and (2) a summary of the facts and opinions to which the expert is expected to testify. *See* Fed. R. Civ. P. 26(a)(2)(C).

Local Rule 26 provides that "discovery regarding experts must be completed within the discovery period," and "the court will allow the subsequent designation or discovery of expert witnesses only upon a showing of good cause." L.U. Civ. R. 26(a)(2)(C). "Parties must make timely expert-witness disclosures within the deadlines set by the Court's Scheduling Order." *Meier v. UHS of Del., Inc.*, 2020 WL 923952, at *2 (E.D. Tex. Feb. 26, 2020). Further, parties "must make **full** and **complete** disclosure…no later than the time specified in the case management order." L.U. Civ. R. 26(a)(2) (emphasis added).

Fed. R. Civ. P. 26 requires ongoing supplementation of expert disclosures both as a general requirement and where ordered by the court. *See* Fed. R. Civ. P. 26(a)(2)(E).

---

[2] The report must include: (1) a complete statement of all opinions the witness will express and the basis and reasons for them, (2) the facts or data considered, (3) exhibits to be used, (4) qualifications, including publications, (5) cases in which the expert has testified, and (6) a statement of compensation to be paid for the study and testimony. *See* Fed. R. Civ. P. 26(a)(2)(B).

Supplemental disclosures, however, "are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996). Where a "supplemental report is comprised of new, previously undisclosed opinions," it was due on Plaintiff's designations deadline, but "[i]f the supplemental report is truly a supplement, it was due by the discovery deadline." *Elliot v. Amadas Indus., Inc.*, 796 F. Supp. 2d 796, 802 (S.D. Miss. 2011).

The Court must first address whether Plaintiff's supplemental filings were truly supplementary or were instead entirely new designations. Plaintiff argues that because the initial designation "included express catch-all language designating all treating healthcare providers identified in the medical records and bills produced by the parties during this litigation," all Plaintiff's treating providers were "already designated as potential expert witnesses." [56] at 2. Plaintiff therefore maintains that the supplemental filings were supplementary, not new designations, and were timely.

The Court finds this argument unpersuasive. Plaintiff's broad designation of "any other doctors and/or health care providers contained in Plaintiff's medical records" from various health care facilities was not an adequate designation as it does not meet the designation requirements of Rule 26(a)(2)(A). This language "hardly identifies an expert and fails to afford Defendant an adequate opportunity to prepare an effective cross-examination." *Vargas v. United States*, 2024 WL 1235593, at *5 (W.D. Tex. Feb. 12, 2024). Because these are Plaintiff's experts, "Plaintiff should be able to provide reasonably specific information for each expert." *McCord v. United States*, 2024 WL 2922978, at *5 (E.D. Tex. June 10, 2024). "At a minimum, parties must disclose the 'identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.'" *Gulf Coast Shipyard Grp., Inc.,* 2015 WL

3677596, at *4-5 (quoting Fed. R. Civ. P. 26(a)(2)(A)). "[I]t is plainly insufficient for Plaintiff to state that it also might call unnamed" doctors or health care providers, without providing further identifying information. *Id*. Accordingly, Plaintiff's "supplemental" filings named ten entirely new expert witnesses and were not truly supplemental but were instead new designations that were due by Plaintiff's expert designation deadline.

If Plaintiff wished to designate all healthcare providers in his medical records as experts, he could have easily identified them by name and provided the appropriate description as he did for his other designated experts. Instead, Plaintiff's use of general language deprives Defendant of adequate notice and is wholly insufficient to justify an untimely designation of expert witnesses.

Plaintiff also argues that Defendant waived his right to challenge the expert designations under Local Rule 26(a)(3), which provides that "[c]hallenges as to inadequate disclosure of expert witness(es) must be made no later than 30 days before the discovery deadline or will be deemed waived." L.U. Civ. R. 26(a)(3). Plaintiff complains that Defendant did not challenge his designation of "any other doctors and/or health care providers contained in Plaintiff's medical records" from various health care facilities until "after discovery closed." [56] at 2. Even if it were true that Defendant waived his right to challenge the "designation," Local Rule 26 provides that the Court may *sua sponte* strike any "any attempt to designate an expert without providing full disclosure" as an untimely designation. L.U. Civ. R. 26(a)(2)(B). Further, the Court will not punish Defendant for failing to predict that Plaintiff would attempt to exploit the vague and insufficient language of the initial designation to name **ten** additional expert witnesses on the last day of discovery. Accepting Plaintiff's waiver argument would lead to absurd, unjust results and render court-ordered case deadlines useless.

When a party violates Rule 26(a)(2)(A), "a trial court has the discretion to strike an expert designation." *Robbins v. Ryan's Fam. Steak Houses E., Inc.*, 223 F.R.D. 448, 453 (S.D. Miss. 2004). In deciding whether to exercise that discretion, the court must consider: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

Plaintiff explains that he did not identify the expert witnesses earlier because he "was forced to transition to new counsel," and that the treating physicians were "already encompassed by the original catch-all designation." [56] at 7. As mentioned above, the "catch-all designation" argument borders on the absurd and is rejected. As to the "new lawyer" argument, Plaintiff's current counsel has been counsel of record since October 22, 2025, and the Court extended the case deadlines yet again upon Plaintiff obtaining new counsel. Plaintiff provides no further explanation for designating ten new expert witnesses on the last day of discovery, three months after the expiration of Plaintiff's expert designation deadline, and nine months after his original designation. The Court had already extended both the expert designation and discovery deadlines multiple times, but Plaintiff chose to wait until the last day of discovery to name these additional expert witnesses. This factor favors striking Plaintiff's newly designated experts.

As for the importance of the testimony, Plaintiff argues that the testimony of the treating providers Defendant seeks to strike is important and "[s]triking these providers would deprive Plaintiff of the ability to present testimony from the very physicians and therapists who treated him, which is precisely the type of evidence a jury in a personal injury case is entitled to hear." [56] at 6. Plaintiff provides little more concerning the importance of the testimony, but the Court

recognizes that the testimony of Plaintiff's treating physicians is normally important if the treatment is related to the claims asserted. *See e.g.*, *Loyola v. USAA Gen. Indem. Co.*, 2022 WL 1447717, at *2 (E.D. La. Apr. 29, 2022) (finding that "treating physician testimony is essential to a personal injury case"); *Robbins*, 223 F.R.D. at 454 (finding treating physician testimony "is of a degree of importance that the Court must find that this factor weighs in favor of allowing the experts to testify"). Thus, this factor appears to weigh against striking the recently designated experts.

Third, the Court considers the potential prejudice in allowing the testimony of the newly designated expert witnesses. Allowing Plaintiff to designate ten new expert witnesses at this stage would greatly prejudice Defendant, who would be deprived of any discovery on the newly designated experts or an opportunity to designate its own expert witnesses in response. This factor weighs in favor of striking the recently designated experts.

Finally, the Court considers the availability of a continuance to cure any prejudice. Even though a continuance could reduce prejudice if Plaintiff's newly designated experts are allowed to testify, "if other factors support striking an expert's designation, then a district court is not required to continue a trial." *Robbins*, 223 F.R.D. at 453. "Otherwise, the failure to satisfy the rules would never result in exclusion, but only in a continuance. Because of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance." *Hamburger*, 361 F.3d at 884. Further, the Court warned the parties in its most recent Order [38] extending case deadlines (for the third time) that the parties "have received the maximum possible extensions for this trial calendar and further extensions cannot be granted." Further extension of the case deadlines and a continuance of the trial would result in additional

delays and expense. Therefore, this factor also weighs in favor of striking the new expert designations.

As the factors weigh in favor of striking Plaintiff's newly designated expert witnesses, the Court finds that and the Motion [48] should be granted and the expert witnesses named by Plaintiff for the first time in Plaintiff's Supplemental Designation of Expert Witnesses and Supplemental Responses to Defendant's First Set of Interrogatories Propounded to Plaintiff should be stricken.

IT IS, THEREFORE, ORDERED that the Motion to Strike Plaintiff's Supplemental Interrogatory Responses and Supplemental Designation of Experts [48] is GRANTED.

SO ORDERED, this the 15th day of May, 2026.

s/Michael T. Parker
United States Magistrate Judge

8